(No. 12679.—Reversed and remanded.)
JAMES S. JACKSON, Defendant in Error, *vs.* EDWARD C. KOHLER *et al.* Plaintiffs in Error.

*Opinion filed October 27, 1919.*

1. BROKERS—*when motion for instructed verdict is properly denied.* In a suit by a real estate agent to recover commissions under a brokerage contract, if the terms of his agreement with the defendants and his knowledge of the conditions upon which the enforcement of their contract with the purchaser depended are disputed questions, the defendants' motion for an instructed verdict in their favor is properly denied.

2. SAME—*what evidence admissible to show terms of brokerage contract.* Where a contract with a broker to secure an exchange of properties is made through conversations, a statement in the written contract of exchange in regard to commissions, as well as evidence of the conversations constituting the brokerage contract, is admissible in an action by the broker for his commissions.

3. SAME—*burden is on broker suing for commissions to prove his contract.* In an action by a real estate agent to recover commissions in a brokerage contract the burden is on the plaintiff to prove his contract, and an instruction should not put the burden on the defendants to prove a special agreement that the broker was not to be paid in case the deal did not go through, where there is no special contract on which such defense is founded other than the contract on which the suit is brought, the terms of which are disputed.

4. SAME—*when instruction should not refer to ordinary brokerage contract.* Where a real estate agent sues for commissions on a special contract with the defendants as to the terms of which the parties disagree, an instruction should not refer to an "ordinary contract made without any conditions, the broker employed in the usual way," but the jury should be instructed in regard to the particular contract on which suit is brought.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding.

STEDMAN & SOELKE, for plaintiffs in error.

LOUIS SALINGER, for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

James S. Jackson recovered a judgment for $3000 in the municipal court of Chicago against Edward C. Kohler and Henry A. Kohler, which the Appellate Court affirmed, and the defendants sued out a writ of *certiorari* to review the record.

The plaintiffs in error owned a six-story building located on lots 3, 4 and 5 in block 54, in Carpenter's addition to Chicago, and certain leasehold interests in those lots. The defendant in error was a real estate broker, and through him an agreement was made between the plaintiffs in error and Frederick A. Hastings for the exchange of their building and leasehold estates for certain real estate called the Chalforte Apartments. The contract contained the following provisions: "Each party shall pay their own commissions, attorney's fees and all other costs incidental to his part of the negotiation. Brokerage fees to be paid as follows, to-wit: Party of the first part to pay to Jackson Bros. two thousand no/100 dollars. Party of the second part to pay to Jackson Bros., as agreed, dollars. * * * This contract made with the understanding that the consent of Henry Gerstley and the Billings lessors are to be obtained to the transfer of their leases. All deeds to be passed and this negotiation to be closed within thirty days from the date of this agreement. Time is hereby declared to be of the essence of this agreement." The plaintiffs in error were the parties of the first part in this contract. The contract described the building as located on lots 4 and 5, but, in fact, the footings of the walls extended two feet and eleven inches over on the west twenty feet of lot 3. The plaintiffs in error's lease from Gerstley for lots 4 and 5 was for ninety-nine years from February 1, 1907, and the Billings lease of the west twenty feet of lot 3 was for thirty years from May 1, 1907. Each lease provided that it could be

assigned only by the written consent of the lessor, and the Gerstley lease provided for the construction of a building on it not later than May 1, 1908, the floors of which should be capable of bearing a live load of one hundred and fifty pounds for every square foot of surface and required that the construction should conform to the ordinances of the city of Chicago in relation to buildings. At the time of the contract in question notices of the building department of the city were posted in the building prohibiting the loading of the floors of the building beyond one hundred pounds to the square foot. The plaintiffs in error claimed that their agreement with Jackson was that no commission should be payable unless the contract was completed by performance by Hastings nor unless the consent of the lessors to the assignment of the leases was obtained by Jackson. They also claim that Jackson was acquainted with the terms of the leases, the fact that the buildings stood in part on lot 3 and the insufficiency of the floors under the terms of the Gerstley lease but that he omitted from the contract with Hastings all reference to these matters, and that therefore, because of Jackson's fault, the contract with Hastings could not be enforced and no commissions were due the broker. Hastings, the purchaser, testified that he was ready to perform the contract on his part if the defendants' property could be delivered according to its terms, but not otherwise. The contract required the defendants to convey the building located on lots 4 and 5 and assign a ninety-nine-year lease of those lots, as well as to assign the thirty-year lease of the west twenty feet of lot 3. The building was not entirely located on lots 4 and 5 but extended over on lot 3 two feet and eleven inches, and this was a material difference in the subject matter, since the lease of the part of lot 3 would expire sixty-nine years before that of lots 4 and 5. The purchaser also objected to the failure of the building to conform to the requirements of the Gerstley lease. The contract never was performed. In this action

brought by Jackson for his commission the terms of the agreement between the plaintiffs in error and Jackson, his knowledge of the terms of the leases, his undertaking to procure the consent of the lessors to the assignment of the leases, were all disputed questions. The testimony of the plaintiffs in error and the defendant in error was in many particulars directly contradictory. The plaintiffs in error's motion for an instructed verdict in their favor was therefore properly refused.

The plaintiffs in error insist that because of the provisions of the contract requiring the consent of Henry Gerstley and the Billings lessors to be obtained to the transfer of their leases and providing that all deeds should be passed and negotiations closed within thirty days the contract was not enforceable against Hastings. The contract to assign the leases included an agreement, even though it was not stated, to procure the consent of the lessors if it was necessary to a valid assignment, and the expression of an understanding that such consent should be obtained was merely an express acknowledgment on the part of the plaintiffs in error that they would be required to obtain such consents in order to perform their part of the contract.

The defendant in error was not a party to the contract between the plaintiffs in error and Hastings. The statement in regard to the commissions in that contract is admissible as evidence of the agreement between the plaintiffs in error and the defendant in error as to commissions, but their contract was made through conversations occurring between plaintiffs in error and the defendant in error while the negotiations with Hastings were pending, and evidence of these conversations was properly admitted to show the terms of the contract.

The court gave to the jury instruction No. 11, as follows:

"The court instructs the jury that if you believe from the evidence that the plaintiff rendered service to the de-

fendants, at the defendants' request, by getting defendants and Hastings together in a contract for the exchange of property, the burden of proving that there was a special contract that the plaintiff was not to be paid for said services in case the deal did not go through rests with the defendants, and they must establish such special contract by a preponderance of the evidence or their defense founded upon such special contract fails entirely."

This instruction was erroneous. The plaintiff's claim was based upon an express contract, and there was only one. The burden of proving it was on the plaintiff. There was no special contract on which the defense was founded other than the special contract on which the plaintiff's claim was founded and which the plaintiff was bound to prove in order to recover. The burden of proof as to the terms of that contract was on the plaintiff throughout and there was no burden on the defendants to prove any part of it. Other instructions stated the rule correctly, but they could not cure the error of this instruction, which gave an incorrect rule for the consideration of the evidence.

Instruction No. 12 was also misleading. It was based upon an "ordinary contract made without any conditions, the broker employed in the usual way." In this case there was a special contract and the parties disagreed about its terms. There was no reason for referring to an ordinary contract or the usual way, but the jury should have been instructed in regard to this particular contract.

The judgments of the Appellate Court and of the municipal court are reversed and the cause is remanded to the municipal court.        *Reversed and remanded.*