## Joseph Volandus, Appellee, v. Zacharios Melaucksis et al., on appeal of Zacharios Melaucksis, Appellant.

### Gen. No. 27,353.

BROKERS—*parol evidence admissible as to right to commissions.* In a broker's action for commissions for negotiating an exchange of properties, where the broker's agreement with defendant was in parol and the only written evidence as to commissions is an ambiguous provision in the contract for exchange binding the parties to make payments to the broker but not specifying the time therefor, parol testimony is admissible to show when such payments were to be made.

Appeal by defendant from the Municipal Court of Chicago; the Hon. ASA G. ADAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Reversed and remanded. Opinion filed January 10, 1923.

AMBERG & AMBERG, for appellant; GEORGE W. THOMA, JOHN KUCHINSKAS and THOMAS W. REILLY, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

The plaintiff, Volandus, brought this action against the defendants Melaucksis and Vaitonis, to recover $300 which he claimed was due from them as broker's fees, by reason of his efforts in connection with a contract between the defendants and one Juzenas, involving the exchange of certain real estate. The issues were submitted to the court without a jury, and after hearing the evidence the court found the issues for the plaintiff and entered judgment for $300, to reverse which the defendant Melaucksis has perfected this appeal. Service was never obtained on the other defend-

ant, Vaitonis, and the judgment was rendered against Melaucksis alone.

To make out his case the plaintiff called the defendant to the stand, under section 33 of the Municipal Court Act [Cahill's Ill. St. ch. 37, ¶ 421], and he testified that he and Vaitonis were partners. He identified his own signature and those of Vaitonis and Juzenas on the contract which those three parties had entered into, involving the exchange of the properties, and thereupon this contract was introduced in evidence. In this contract Melaucksis and Vaitonis are parties of the first part and Juzenas is party of the second part, and by the terms of the contract the parties of the first part agreed to convey certain properties to the party of the second part, and the latter agreed to convey certain property to the parties of the first part. The contract was on a printed form and this form contained a paragraph reading as follows:

"It is further mutually agreed, that brokerage fees or commissions shall be paid to ——————— by the respective parties hereto as heretofore agreed between them and said broker."

Obviously the blank space in that paragraph was intended to be filled in with the name of the broker but that was not done in the case of this contract. As it appears in the record there was written in, in ink, in the blank space referred to, the following:

"Melaucksis and Vaitonis agree to pay to Joseph Volandus $300, and Jonas Juzenas agrees to pay Three Hundred Fifty ($350.00) to Joseph Volandus."

It will be observed that this written portion of the paragraph bears no relation to the printed portion and does not make sense when it is read in connection with the printed portion and as a part of it. So far as this paragraph in the contract is concerned, it seems clear that the parties to it expressed their entire agreement in the words that were written in, in ink, and which are quoted above. In other words, by their contract, Melaucksis and Vaitonis agreed to pay

the plaintiff $300, and Juzenas agreed to pay him $350. After introducing this contract in evidence the plaintiff showed, by the defendant, that the latter had paid no money to the plaintiff, and thereupon the plaintiff rested. The defendant then took the stand in his own behalf and testified that his agreement with the plaintiff was that he would pay him $300 "if the title goes through." It appears from the evidence in the record that some objection had been raised by the attorney employed to examine the title to the property to be conveyed by Juzenas, and, pending efforts which were being made to meet the objection, Juzenas claimed that there was not as much acreage to the property which was to be conveyed to him as had been represented, and he was not willing to go ahead with the deal. The defendant called one Brenza as a witness, who apparently was a friend of all the parties, and who was the president of a bank at which the contract had been executed, the witness, Brenza, having prepared it at their request. He testified that when he asked about the commissions the plaintiff and the defendant told him that the commissions were to be paid when the deal was closed. Later, on examination by the court, this witness testified that the plaintiff wanted him to insert that commissions were "to be paid on the contract if signed up, but I told him what the agreement was." The court later struck out all the testimony pertaining to any oral agreement between the plaintiff and the defendant on the question of the payment of commissions, on the theory that a written agreement could not be varied by parol, and the judgment for the plaintiff followed.

The plaintiff has filed no brief in this court. From an examination of the record it is apparent that in the trial court the plaintiff relied on the case of *Fox v. Ryan,* 240 Ill. 391. That case is not at all in point on the only question presented for our decision on this appeal, nor it is authority to support such a prima

facie case as the plaintiff made out in the trial court, by merely introducing in evidence the contract between Melaucksis, Vaitonis and Juzenas, and establishing the fact that the defendant Melaucksis had not paid the plaintiff anything. The case cited involved the sale of some mining stock and the plaintiff there testified in support of his case that the defendant told him he would pay him a commission of five per cent if he "would effect a sale of the stock." If in the case at bar the plaintiff had testified that Melaucksis had told him he would pay him $300 if he would "effect the exchange of his property for the property of Juzenas," or that he would pay him such commission if he "would effect a sale or exchange of his property," he might have made out a case but he did not do that.

The plaintiff was not a party to the contract introduced in evidence. If he has a valid claim against the defendant, it is by virtue of an entirely different agreement which exists between these two. It may be that the written contract between Melaucksis, Vaitonis and Juzenas is some evidence of what the agreement was between the plaintiff and Melaucksis. It tends to show that the agreement was that Melaucksis was to pay the plaintiff $300, but it does not show anything, one way or the other, as to when that payment was to be made,—whether it was to be made on the consummation of the contract or whenever the exchange was effected, or whether it was to be when the exchange was consummated. Clearly, evidence was admissible to establish the other terms of the agreement, and it cannot be said that such evidence has the effect of varying the terms of a written contract.

Where a broker has entered into a parol agreement with the owner of property to bring about a sale or exchange of the property, the provision of such a written contract of exchange, as is involved in the case at bar, involving the question of commissions, is ad-

missible in an action by the broker against the owner, for his commissions, and, likewise, parol evidence as to the terms of the agreement which was made between the broker and the owner of the property is admissible. *Jackson v. Kohler*, 289 Ill. 444. The trial court committed error in striking out all the evidence tending to show what the agreement between the parties was, as to commissions.

The judgment of the municipal court is reversed and the cause is remanded to that court for a new trial.

*Judgment reversed and cause remanded.*

TAYLOR and O'CONNOR, JJ., concur.